IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2012

**FREDERICK ALEXANDER AVERY v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2006-C-2451      Cheryl A. Blackburn, Judge**

**No. M2011-02493-CCA-R3-PC - Filed February 6, 2013**

The petitioner, Frederick Alexander Avery, was convicted by a jury in the Davidson County Criminal Court of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder. As a violent offender, he received a total effective sentence of life without the possibility of parole. Subsequently, the petitioner filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to file a motion for severance and a motion for a speedy trial and for advising the petitioner to not testify at trial. The post-conviction court denied relief, holding that the petitioner failed to establish that counsel was ineffective. However, because trial counsel had miscalculated the date for filing an appeal to the supreme court, the post-conviction court granted the petitioner a Rule 11 delayed appeal. See Tenn. S. Ct. R. 28, § 9(D)(1)(b). The petitioner appeals the denial of post-conviction relief based on his ineffective assistance of counsel claims. Upon review, we conclude that the post-conviction court properly granted the petitioner a delayed appeal. However, the post-conviction court erred by not staying the post-conviction proceeding pending the disposition of the delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Elaine Heard, Nashville, Tennessee, for the appellant, Frederick Alexander Avery.

Robert E. Cooper, Jr., Attorney General and Reporter, Meredith DeVault, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was tried jointly with his brother, David Anthony Avery,[1] for the robbery of a couple, Stephanie Regen and Samuel Gift, during which David Avery slit their throats. See State v. David Anthony Avery and Frederick Alexander Avery, No. M2008-01809-CCA-R3-CD, 2009 WL 4724430, at *1 (Tenn. Crim. App. at Nashville, Mar. 1, 2010), perm. to appeal denied, (Tenn. 2010). At the conclusion of the trial, the jury convicted the petitioner and David Avery of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder. Id. at *6. This court affirmed their convictions and sentences on direct appeal. Id. at *1. The petitioner applied for permission to appeal to our supreme court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure; however, the supreme court dismissed the application as untimely.

Subsequently, the petitioner filed a pro se petition for post-conviction relief, alleging numerous claims of ineffective assistance. Post-conviction counsel was appointed, and a hearing was held. At the hearing, the petitioner testified in pertinent part that his counsel was ineffective because he late-filed the petitioner's Rule 11 application for permission to appeal to our supreme court. The petitioner also testified that he filed a timely pro se Rule 11 application but that it was dismissed because he was represented by counsel.

Trial counsel testified that he had miscalculated the date for filing the Rule 11 application and had filed it one day late. He asserted that he did not file a motion to sever because there was no legal basis for the motion. Counsel acknowledged that he did not file a motion for speedy trial, noting that he was appointed in October 2007 and that the trial occurred April 2008.

After the hearing, the post-conviction court issued a written order, denying the petitioner's post-conviction claims but granting the petitioner a delayed Rule 11 appeal.

On appeal, the petitioner challenges the denial of his ineffective assistance of counsel claims. However, we are unable to address the merits of his appeal.

Although not raised by either party on appeal, we note that Rule 28, section 9(D)(1)(b)(i) of the Rules of the Tennessee Supreme Court explicitly provides:

> Upon determination by the trial court that the petitioner was
> deprived of the right to request an appeal pursuant to Rule 11,

---

[1]Some of the individuals in this case share a surname. Therefore, for clarity, we have chosen to utilize their first names. We mean no disrespect to these individuals.

Tennessee Rules of Appellate Procedure, the trial court *shall* enter an order granting the petitioner a delayed appeal, *staying the post-conviction proceedings pending the final disposition of the delayed appeal*, and providing that the order is final for purposes of appeal under this rule.

This court has explained that "[t]he rule contemplates that the post-conviction court will hear proof on all post-conviction issues raised by the petition, although the trial judge is required to hold in abeyance its rulings on all issues other than the delayed appeal." State v. Howard Lee Coleman, No. W2006-02601-CCA-R3-PC, 2007 WL 1651882, at *6 (Tenn. Crim. App. at Jackson, June 7, 2007). By holding the remainder of a petitioner's post-conviction claims in abeyance, "the petitioner may amend the original petition to challenge any 'new issues cognizable in a post-conviction proceeding result[ing] from the handling of the delayed appeal.'" Id. (quoting Tenn. Sup. Ct. R. 28, § 9(D)(3)(a)). In the instant case, the post-conviction court did not comply with the dictates of Supreme Court Rule 28.

Accordingly, this court must vacate the judgment of the post-conviction court denying the petitioner's claims for post-conviction relief and remand to the post-conviction court for entry of a proper order granting the delayed Rule 11 appeal but holding the post-conviction proceedings in abeyance pending the final disposition of the Rule 11 application.

_____
NORMA McGEE OGLE, JUDGE